IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRED MIKE DUDICS, JR.,          ) | |
|                                     ) | |
|       Plaintiff,                 ) | |
|                                     ) | |
|       v.                             ) | Civil Action No. 23-39-E |
|                                     ) | |
| COMMISSIONER OF SOCIAL SECURITY,   ) | |
|                                     ) | |
|       Defendant.               ) | |
|                                     ) | |

O R D E R

AND NOW, this 28th day of March, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises one argument as to why he believes the Administrative Law Judge ("ALJ") erred in finding that he was not disabled. He contends the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence because Plaintiff's degenerative disc disease surfaced after all of the medical opinions were completed. (Doc. No. 8 at 12-16). Plaintiff asserts that the ALJ based the RFC on his lay opinion because no medical opinion addressed Plaintiff's limitations given his degenerative disc disease. (*Id.*). For the following reasons, the Court disagrees and finds the ALJ's decision to be supported by substantial evidence.

The ALJ is permitted to craft the ultimate RFC assessment; indeed, the Third Circuit Court of Appeals has made clear that "[t]he ALJ – not treating or examining physicians or State agency consultants – must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011); *see also* 20 C.F.R. §§ 404.1520b(c)(3), 404.1546(c); SSR 96-5, 1996 WL 374183 (S.S.A. July 2, 1996). "There is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC." *Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006); *see also Chandler*, 667 F.3d at 362 (holding that each fact incorporated into the RFC does not need to be found by a medical expert). Indeed, "[s]urveying the medical evidence to craft an RFC is part of an ALJ's duties." *Titterington*, 174 Fed. Appx. at 11. In sum, an ALJ is not prohibited from making an RFC determination with certain limitations that have not been specifically found by a medical expert. *See Hayes v. Astrue*, No. 07-710, 2007 WL 4456119, at *2 (E.D. Pa. Dec. 17, 2007).

While an ALJ does not need to rely on a specific opinion in making the RFC determination, he or she must explain how the ultimate RFC finding is supported by substantial evidence. Plaintiff contends that the ALJ should have further developed the record before determining the RFC because the opinions as to Plaintiff's functional abilities were rendered years before Plaintiff's diagnosis of degenerative disc disease. (Doc. No. 8, p. 14). However, Plaintiff overlooks that the decision to order a consultative examination is within the sound discretion of the ALJ; while an ALJ *may* order a consultative examination to resolve an inconsistency or if the record is insufficient to render a decision, he or she is generally not required to do so. *See* 20 C.F.R. §§ 404.1519a, 404.1520b; *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002). In this case, the ALJ appropriately decided not to order a consultative examination to address this recent evidence and instead considered evidence of Plaintiff's degenerative disc disease already in the record and incorporated it into the RFC finding. (R. 22). Accordingly, Plaintiff's argument that the ALJ was required to order a consultative examination to address this recent evidence is without merit.

2

Plaintiff goes on to argue that the ALJ's RFC finding is not based on substantial evidence because none of the opining medical sources had access to evidence that showed Plaintiff's degenerative disc disease. (Doc. No. 8, pp. 12-16). It is well-established that an ALJ may find medical opinions persuasive even if those opinions were rendered before other evidence became available. *See Chandler*, 667 F.3d at 361 (stating "[t]he Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). That said, it is also true that where there is a substantial amount of new evidence between the date of a medical opinion upon which an ALJ relies and the ALJ's decision, remand may be warranted. *See id.*; *Cadillac v. Barnhart*, 84 Fed. Appx. 163, 168-69 (3d Cir. 2003); *Grimes v. Colvin*, No. 15-133E, 2016 WL 246963, at *2 (W.D. Pa. Jan. 21, 2016). Although Plaintiff believes that to be the case here, the Court finds the ALJ's finding to the contrary to be adequately supported by the record.

In this matter, the medical experts rendered their opinions in 2019, and Plaintiff was diagnosed with degenerative disc disease in 2021. In August 2019, Virginia Dato, M.D., concluded that Plaintiff retained the capacity for light work with postural, manipulative, and environmental limitations. (R. 75-77). Also in August 2019, consultative examiner Mary Donikowski, N.P. opined that Plaintiff could perform a reduced range of light work and assessed manipulative, postural, and environmental limitations. (R. 334-38). At the reconsideration level, in October 2019, Paul Fox, M.D., concluded Plaintiff could perform a reduced range of light work with postural, manipulative, and environmental limitations. (R. 88-91). In April 2021, Plaintiff was diagnosed with degenerative disc disease after a lumbar x-ray. (Ex. 12F/219). Based on a review of all of the evidence, the ALJ found the opinions "somewhat persuasive[,]" but generously crafted an RFC in Plaintiff's favor based on all the evidence, stating, "[h]owever, based on a complete review of the file, and to fully account for the later suggestions of progressive neuropathy, the undersigned is finding the claimant limited to a range of just sedentary exertional work throughout the period at issue." (R. 23).

Significantly, the ALJ acknowledged Plaintiff's diagnosis of degenerative disc disease and incorporated this into Plaintiff's RFC. First, the ALJ acknowledged Plaintiff's degenerative disc disease as a severe impairment at Step Two. (R. 14). Second, the ALJ thoroughly analyzed Plaintiff's medical records in April 2021, specifically a lumbar x-ray showing degenerative disc disease but no acute abnormality. (R. 22 (citing Ex. 12F/219)). The ALJ went on to note that Plaintiff received treatment for his back pain consisting mostly of physical therapy and that later records showed that Plaintiff was able to improve enough to mow the lawn, do yard work, and bike. (R. 22). Third, the ALJ noted that Ryan Lynch, D.O., a neurologist, completed paperwork for Plaintiff to obtain a rolling walker and single cane. (R. 22). In this way, the ALJ accounted for Plaintiff's diagnosis of degenerative disc disease in crafting Plaintiff's RFC.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 7) is DENIED, and Defendant's Motion for Summary Judgment (Doc. No. 13) is GRANTED.

                                              s/Alan N. Bloch
                                              United States District Judge

ecf:        Counsel of record

---

Accordingly, for the reasons set forth herein, the Court affirms the decision of the ALJ.